[No. 7,115.—Department Two.]

## R. STEINBACK ET AL. *v.* THOMAS NORWOOD ET AL.

CONSTRUCTION OF DEED—TRUST.—In a deed to trustees, the declaration of trust provided as follows: Said trustees shall sell to M. T., and such other nine persons as he may in writing designate, within six months after the said trustees shall have notified him, said M. T., that they have fixed the prices at which they will commence selling the lots and subdivisions of such lands, or certain portions thereof, such of said lots and subdivisions as he or either of them desire to purchase, not exceeding to each one respectively the value of $3,000, etc. In an action of ejectment against M. T. and the parties designated by him to purchase, the defendants claimed the right to purchase portions of a large tract, valued at $100,000, which was one of the subdivisions into which the land had been divided by the trustees. *Held,* that the defendants could only purchase according to the prices and subdivisions fixed by the trustees.

APPEAL from a judgment for the plaintiffs, and from an order denying a motion for a new trial, in the First District Court, County of Ventura. FAWCETT, J.

*Williams & Williams,* and *A. W. Thompson,* for Appellant.

The right of the defendant under article vi of the Declaration of Trust was, in a certain manner, to buy and pay for $3,000 worth of the land, upon the basis of the prices set thereon by the trustees ; the taking of any one special lot was a mere incident to that right, only a mode of exercising it, and in no sense a matter of importance. They might take more than one lot or

subdivision to get the $3,000 worth, or they could take less than a whole subdivision. By putting the whole eleven leagues into one lot, the trustees could not abrogate article vi, nor could they measurably do so by cutting the beneficiaries off from a large portion of it—this lot 1, the " Oil Belt." The right of selection and purchase by note and mortgage is the substantial matter.

In a case somewhat like this one, our Supreme Court held that, the parties failing to agree as to the location and boundaries of the tract of land to be conveyed, the District Court should act for them, fix the location, settle the boundaries, provide a description of the parcel, and decree a conveyance. (*Pujol* v. *Hearst*, 44 Cal. 234.)

Conceding that the proposition that the Court could, as we claim, make these subdivisions is novel, that is no reason for the Court's refusing to act; it is just for these novel cases that such Courts exist, and they should " apply their jurisdiction to those new questions which are continually arising." (*Dougherty* v. *Creavy*, 30 Cal. 290.)

*B. S. Brooks*, for Respondent.

Article i of the Declaration of Trust provides that the plaintiffs shall have the power to sell the lands as a whole, or in such lots and subdivisions, for such prices as to them shall seem fair and reasonable.

Article vi provides that when plaintiffs have fixed the prices at which they will commence selling the lots and subdivisions of said lands, they are to notify Thorne, and he and those nine interested with him may all or any of them purchase " such of said lots and subdivisions " as he or either of them desire to purchase, giving only their notes and mortgages in payment, not exceeding to each one the value of $3,000 as so fixed.

It appeared from the cross-complaints that these defendants had not elected to purchase any of the lots and subdivisions, but had undertaken to make subdivisions for themselves.

There was no obligation on the part of the plaintiffs to make any subdivisions. They were authorized to sell the whole land in one parcel, or otherwise.

The COURT:

This was an action of ejectment, and the defense was that the defendants were the equitable owners, and were entitled to have conveyances of specific tracts of land within the larger tract sued for. Their right depends upon the proper construction of article vi of the Declaration of Trust, under which plaintiffs acquired the title, which article is as follows:

" Said trustees shall sell to Mahlon Thorne and such nine other persons as he may in writing designate, within six months after said Trustees shall have notified him, said Thorne, that they have fixed the prices at which they will commence selling the lots and subdivisions of said lands, or certain portions thereof, such of said lots and subdivisions as he or either of them desire to purchase, not exceeding to each one respectively the value of three thousand dollars ($3,000) gold coin, as so fixed, or as may be fixed by them from time to time after said notification, and shall accept in payment therefor notes of said purchasers secured by mortgage on the land so sold to them respectively, the principal payable in gold coin of the United States on or before April 1st, 1883, bearing in like gold coin at the rate of ten per cent. per annum, payable annually and compounding annually; but nothing herein contained shall prevent said trustees from selling to other parties all or any portion of said lands after the expiration of ten days after said notification."

Plaintiffs are the trustees, and the defendants are the persons designated. The trustees subdivided the rancho into twenty-seven parcels or subdivisions, and affixed a price to each parcel: Subdivision No. 1, the larger, being priced at $100,000; the others at various sums, down to $1,500. The defendants claim the right to take, of subdivision No. 1, a portion to each in such measure and at such valuation that the portion of each, respectively, shall be $3,000; and ask that the portions of subdivision No. 1 which they have selected be set off to them; or, if there be doubt as to the measurement and valuation, the Court cause the same to be measured and valued.

By the terms of article vi of the Declaration of Trust, the trustees (plaintiffs) were to subdivide the rancho and fix prices;

they appear to have done so; and it seems to us that the defendants, if they wish to purchase specific tracts, must purchase according to the prices and subdivisions so fixed and made.

Judgment and order affirmed.